UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH PETLEY, formerly known as ELIZABETH KISHORE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY CREDIT UNION; MCT GROUP, INC., doing business as MCT GROUP, a California corporation,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 16cv891 JM (RBB)<br><br>**ORDER DENYING SAN DIEGO COUNTY CREDIT UNION'S MOTION TO DISMISS** |

On October 26, 2016, Defendant San Diego County Credit Union ("SDCCU") filed a motion to dismiss Plaintiff Elizabeth Petley's second amended complaint ("SAC"). (Doc. No. 26.) Plaintiff opposed the motion, (Doc. No. 29), and SDCCU filed a reply, (Doc. No. 30). Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument and for the reasons set forth below denies SDCCU's motion.

## BACKGROUND

Plaintiff filed the SAC on October 7, 2016, alleging that SDCCU engaged in unfair debt collection in violation of California's Rosenthal Fair Debt Collection Practices Act

("Rosenthal Act"), Cal. Civ. Code § 1788.17, which establishes liability under California law for violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Plaintiff alleges that SDCCU violated the Rosenthal Act by causing MCT Group, Inc. ("MCT"), a collection agency, to file a time-barred action against her in state court to collect a debt she owed to SDCCU. (Doc. No. 25 ¶¶ 24–28, 33–37.) While Plaintiff alleges that MCT "repeatedly called Plaintiff at her workplace, even though Plaintiff is not allowed to receive these calls at work, and Plaintiff informed MCT of this fact," she makes no such claim against SDCCU. (Id. ¶ 29.) Hence, the only conduct Plaintiff alleges against SDCCU in violation of the Rosenthal Act is the filing of the state court action.

## DISCUSSION

SDCCU moves to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that California's litigation privilege bars Plaintiff's claim. Plaintiff contends that because the Rosenthal Act and the litigation privilege conflict, the Rosenthal Act, as the more specific statute, must apply.

### A. Legal Standards

A Rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of the pleadings. To overcome such a motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facts merely consistent with a defendant's liability are insufficient to survive a motion to dismiss because they establish only that the allegations are possible rather than plausible. Id. at 678–79. The court must accept as true the facts alleged in a well-pleaded complaint, although mere legal conclusions are not entitled to an assumption of truth. Id. The court must construe the pleading in the light most favorable to the nonmoving party. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995). When ruling

on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint if their authenticity is not contested, and matters of which the court takes judicial notice. Parrino v. FHP, Inc., 146 F.3d 699, 705–06 (9th Cir. 1998).[1]

### B.   Statutory Framework

This case involves the interplay between two California statutes: the Rosenthal Act, which prohibits unfair debt collection practices, and California Civil Code section 47(b), which codifies the state's litigation privilege.

#### 1.   The Rosenthal Act

Section 1788.17 of the Rosenthal Act establishes liability under California law for violations of the FDCPA. Cal. Civ. Code § 1788.17. The FDCPA, in turn, prohibits false or deceptive practices in connection with the collection of debts. 15 U.S.C. § 1692 et seq. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Id. § 1692(e).

In her Rosenthal Act claim, Plaintiff alleges that SDCCU violated sections 1692d, 1692e, 1692e(2), and 1692f of the FDCPA by filing a time-barred suit against her. Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," with violations of section 1962e(2) including the false representation of "the character, amount, or legal status of any debt[.]" Finally, section 1692f prohibits a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect

---

[1] The court grants SDCCU's request for judicial notice of the complaint and register of actions in MCT's state court case against Plaintiff. (Doc. No. 26-2.)

any debt."

### 2.  California Civil Code Section 47(b)

Civil Code section 47(b) provides, in relevant part, that a privilege attaches to a publication or broadcast made in any judicial proceeding. The litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990); see also Morales v. Coop. of Am. Physicians, Inc., Mut. Prot. Trust, 180 F.3d 1060, 1062 (9th Cir. 1999). The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006). The litigation privilege "clearly protect[s]" the filing of a lawsuit. Action Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal. 4th 1232, 1249 (2007).

The litigation privilege is not without limit, however. For example, the litigation privilege does not apply to perjury, subornation of perjury, false report of a criminal offense, People v. Persolve, LLC, 218 Cal. App. 4th 1267, 1274 (2013), or malicious prosecution, Silberg, 50 Cal. 3d at 215. "The recognition of these exceptions has been guided by the rule of statutory construction that particular provisions will prevail over general provisions. If a statute is more specific than the litigation privilege and would be significantly or wholly inoperable if the privilege applied, the privilege will not shield violations of that statute." Persolve, 218 Cal. App. 4th at 1274.

### C.  Analysis

SDCCU argues that the litigation privilege bars Plaintiff's Rosenthal Act claim. SDCCU asserts that "[t]hree cases have addressed the exact same issue presented here— whether the litigation privilege bars an unfair debt collection claim premised on the filing of a time-barred debt collection action. All three cases held that the litigation privilege barred the claims, dismissing them. Two of these cases come from this district court." (Doc. No. 26-1 at 5.) But those are not the only three cases that have addressed that

issue. In fact, this very court has also addressed that same issue, although SDCCU does not cite that decision.

### 1. This Court's Previous Decision

In <u>Sial v. Unifund CCR Partners</u>, No. 08cv905 JM (CAB), 2008 WL 4079281, at *5 (S.D. Cal. Aug. 28, 2008), the plaintiff alleged violations of the FDCPA and Rosenthal Act based on the defendant's filing of a time-barred state court action to collect a debt.[2] In its motion for judgment on the pleadings, the defendant argued, just as SDCCU does here, "that California's litigation privilege bars the Rosenthal Act claim," and the parties acknowledged, as they do here, that federal courts were split "as to whether the Rosenthal Act and the litigation privilege are irreconcilable." <u>Id.</u> (collecting cases). At the time, the court stated that, "[h]aving considered these divergent cases, the court agrees with those courts that have found the litigation privilege and the Rosenthal Act irreconcilable." <u>Id.</u> "Applying the privilege 'would effectively vitiate the Rosenthal Act and render the protections it affords meaningless.'" <u>Id.</u> (quoting <u>Oei v. N. Star Capital Acquisitions, LLC</u>, 486 F. Supp. 2d 1089, 1100 (C.D. Cal. 2006)). Consequently, the court applied "the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one" and held that the Rosenthal Act prevailed over the litigation privilege. <u>Id.</u>

In the ensuing years, the bulk of the federal district courts that have decided this issue have reached the same conclusion, declining to apply the litigation privilege to Rosenthal Act claims. See, e.g., <u>Welker v. Law Office of Daniel J. Horwitz</u>, 699 F. Supp.

---

[2] The plaintiff in <u>Sial</u> also alleged that the defendant knew it had failed to serve a copy of the complaint and summons in the state court action and filed some improper documents with the court after initiating the time-barred action. Regarding the service issue, even the defendant conceded that the litigation privilege did not bar a Rosenthal Act claim, as section 1788.15(a) of the Act plainly provides that debt collectors may not "attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected." <u>Sial</u>, 2008 WL 4079281, at *1, 5.

2d 1164, 1174 (S.D. Cal. 2010) (Gonzalez, J.); <u>Huy Thanh Vo v. Nelson & Kennard</u>, 931 F. Supp. 2d 1080, 1097 (E.D. Cal. 2013); <u>Holmes v. Elec. Document Processing, Inc.</u>, 966 F. Supp. 2d 925, 937 (N.D. Cal. 2013); <u>Santos v. LVNV Funding, LLC</u>, No. 5:11-CV-2683 EJD, 2012 WL 216398, at *3 (N.D. Cal. Jan. 24, 2012).

## 2.    The California Court of Appeal's Decisions

Even more importantly, the year after this court decided <u>Sial</u>, the California Court of Appeal held in its first opinion on the issue that the litigation privilege did not bar claims under the Rosenthal Act where the two statutes conflict.  See <u>Komarova v. Nat'l Credit Acceptance, Inc.</u>, 175 Cal. App. 4th 324 (2009).  <u>Komarova</u> is especially noteworthy because, as Plaintiff points out, if "there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts." <u>Ryman v. Sears, Roebuck & Co.</u>, 505 F.3d 993, 995 (9th Cir. 2007).

In <u>Komarova</u>, the plaintiff filed a lawsuit against the defendant debt collection company based on the defendant's abusive attempts to collect a debt the plaintiff did not owe.  175 Cal. App. 4th at 331–35.  The First District of the California Court of Appeal observed that if the litigation privilege applied, it would negate the plaintiff's Rosenthal Act claims, and therefore the statutes conflicted.  <u>Id.</u> at 338–39.  The court held that as the more specific statute, the Rosenthal Act must prevail.  <u>Id.</u> at 340.  More generally, the court was "mindful of the ease with which the [Rosenthal Act] could be circumvented if the litigation privilege applied.  In that event, unfair debt collection practices could be immunized merely by filing suit on the debt." <u>Id.</u> at 340.  The court also noted that statutes that protect the public, such as the Rosenthal Act, should be interpreted broadly in favor of that protective purpose, and the California Legislature would not have included section 1788.15—which clearly serves to abrogate the litigation privilege by explicitly prohibiting collection by means of suits in the wrong county or without service of process—if it intended for the privilege to apply to the Rosenthal Act.  <u>Id.</u>  For those reasons, the court concluded that the Rosenthal Act "would be significantly inoperable if

it did not prevail over the privilege where, as here, the two conflict." Id.

Four years later, in People v. Persolve, LLC., 218 Cal. App. 4th 1267, 1277 (2013), the Fifth District extended Komarova to violations of California's unfair competition law, Business & Professions Code section 17200, that are based on violations of the Rosenthal Act. The court read Komarova to hold that "conduct specifically prohibited by the [Rosenthal] Act was excepted from the litigation privilege." Id. at 1275. Or put another way, "[t]he Komarova court concluded that the litigation privilege cannot be used to shield violations of the [Rosenthal] Act." Id.

### 3. Applying Those Decisions

SDCCU argues that the rule set forth in Komarova is limited to cases where the two statutes conflict, and that no such conflict exists here. (Doc. No. 30 at 7.) To be sure, the court in Komarova "conclude[d] that the Act would be significantly inoperable if it did not prevail over the privilege where, as here, the two conflict." 175 Cal. App. 4th at 340 (emphasis added). But the court did not define conflict narrowly. Instead, the court "agree[d] with the majority of [federal] cases [including Sial] that the privilege cannot be used to shield violations of the [Rosenthal] Act." Id. at 337. The question, then, is whether filing a time-barred lawsuit is a violation of the Rosenthal Act.[3] If so, the statutes conflict, and the Rosenthal Act must prevail.

The court finds that the filing of a time-barred lawsuit is indeed the kind of conduct the Rosenthal Act exists to prevent. It is conduct "the natural consequence of which is to harass, oppress, or abuse [a] person in connection with the collection of a debt."

---

[3] In its opening brief, SDCCU does not dispute that the action was time-barred. (See generally Doc. No. 26-1.) In a footnote on the last page of its reply brief, however, SDCCU states that "MCT contends that the State Court Action was not time barred because it filed the action under California's tolling statute . . . ." (Doc. No. 30 at 14.) For the purposes of deciding this motion, the court credits Plaintiff's allegations and construes the SAC in her favor. Furthermore, the court notes that MCT requested dismissal of the state court action approximately three months after filing it, suggesting the statute of limitations had indeed run. (Doc. No. 26-4 at 2.)

1  Alternatively, it may be viewed as "[t]he false representation of the . . . legal status of [a]
2  debt." Section 1788.17 of the Rosenthal Act, by incorporating the FDCPA, prohibits this
3  behavior.  Thus, even though SDCCU did not subject Plaintiff to unfair practices such as
4  repeated phone calls and harassing behavior, it obligated her to defend an allegedly
5  unwarranted lawsuit, which does not strike the court as much more pleasant.

6  Moreover, it is apparent that one of the California Legislature's goals in passing
7  the Rosenthal Act was to prevent the use of improper lawsuits to collect on debts.  This is
8  evidenced by section 1788.15(a), which prohibits debt collectors from initiating judicial
9  proceedings "when the debt collector knows that service of process, where essential to
10 jurisdiction over the debtor or his property, has not been legally effected," and section
11 1788.15(b), which applies the same prohibition to wrongly venued proceedings.  Cal.
12 Civ. Code § 1788.15.  Prosecuting a time-barred action is strikingly similar, and the court
13 is "mindful of the ease" with which the goals of the Rosenthal Act could be circumvented
14 if debt collectors were free to harass debtors with obviously time-barred lawsuits and
15 then retreat behind the protection of the privilege.  See 175 Cal. App. 4th at 340.

16 SDCCU's citation to (primarily pre-Komarova) cases where the litigation privilege
17 protected actions undertaken in the context of validly initiated lawsuits does not change
18 the court's conclusion.  (See Doc. No. 30 at 9–13.)  For example, the only allegation in
19 Nickoloff v. Wolpoff & Abramson, LLP, 511 F. Supp. 2d 1043, 1044 (C.D. Cal. 2007),
20 concerned the sufficiency of documentary evidence connecting the chain of title of the
21 debt—evidence that was provided during a legitimate arbitration proceeding.  Similarly,
22 in Sandoval v. Law Office of John Bouzane, 2016 U.S. Dist. LEXIS 178958, at *3 (C.D.
23 Cal. Jan. 5, 2016), the court held that the litigation privilege protected the sending of
24 letters in an attempt to collect on a judgment entered in (apparently uncontroversial) prior
25 litigation.  And in Taylor v. Quall, 458 F. Supp. 2d 1065, 1067–68 (C.D. Cal. 2006), the
26 court did not engage in any analysis regarding whether the Rosenthal Act and litigation
27 privilege conflicted, instead basing its decision on inapposite authority presented by the
28 plaintiff.  The closest factual case cited by SDCCU is Lopez Reyes v. Kenosian & Miele,

LLP, 525 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007), but given that Lopez Reyes predates Komarova and is one of a class of cases this court previously declined to follow in Sial, 2008 WL 4079281, at *5, the court declines to follow it now.

Finally, with due respect, the court opts not to follow the two decisions cited by SDCCU that arise out of this district. In Boon v. Prof'l Collection Consultants, 958 F. Supp. 2d 1129, 1132 (S.D. Cal. 2013), the court applied the litigation privilege to a Rosenthal Act claim premised on a time-barred state court action, but cited only pre-Komarova district court cases. In Ordinario v. LVNV Funding, LLC, No. 13cv2804 LAB (NLS), 2016 WL 852843, at *2 (S.D. Cal. Mar. 4, 2016), appeal filed, No. 16-55417 (9th Cir. Mar. 17, 2016), the court cited only Boon and Taylor to support its one-sentence holding that "[u]nder California law, when the only collection method used to collect a debt is litigation, the litigation privilege bars the claim."

These two cases, along with Sandoval, discussed above, appear to be the only federal court decisions since Komarova that have applied the litigation privilege to Rosenthal Act claims. All other cases have rejected that approach. See, e.g., Huy Thanh Vo, 931 F. Supp. 2d at 1097 (noting in 2013 that following Komarova, "not a single federal court has found Rosenthal Act claims to be barred by the litigation privilege"); Welker, 699 F. Supp. 2d at 1174; Holmes, 966 F. Supp. 2d at 937.

Given this weight of recent authority, the California Court of Appeal's opinions in Komarova and Persolve, and this court's own decision in Sial, the court holds that the litigation privilege and Rosenthal Act conflict in this case and, consequently, the Rosenthal Act must prevail.[4]

---

[4] Because the FDCPA preempts California's litigation privilege, FDCPA claims are not subject to the privilege. See, e.g., Oei, 486 F. Supp. 2d at 1098. Plaintiff argues that, for consistency, FDCPA provisions incorporated into the Rosenthal Act also must not be subject to the litigation privilege. (See Doc. No. 29 at 6.) While the court declines to decide the instant motion on that basis, it recognizes the appeal of Plaintiff's argument and believes it further supports the court's conclusion.

# CONCLUSION

For the foregoing reasons, the court finds that California's litigation privilege does not bar Plaintiff's claims. Accordingly, the court denies SDCCU's motion to dismiss.

IT IS SO ORDERED.

DATED: January 27, 2017

JEFFREY T. MILLER
United States District Judge